UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ZACHARY BARSON,

      Plaintiff,

v.                                                        Case No:   6:13-cv-1767-Orl-40TBS

RYAN W. SHARR,

      Defendant.

_____

## REPORT AND RECOMMENDATION

      This case comes before the Court on Plaintiff's Amended Motion for Default Final

Judgment against Defendant Ryan W. Sharr, and for an Award of Attorney's Fees and

Costs (Doc. 40).   Defendant Ryan W. Sharr has not filed a paper in opposition to the

motion and the time within to do so has expired.   For the reasons that follow, it is

respectfully recommended that Plaintiff's motion be granted in part and denied in part.

### I.  Background

      Plaintiff Zachary Barson filed this lawsuit in the state court in Seminole County,

Florida.   (Doc. 2).   Count I of his complaint is an action for damages on a worthless

check, and Count II seeks a declaratory judgment that Plaintiff and Defendant are 50/50

partners in a business venture to develop a computer game called "Roam."   (Id.).

Defendant has admitted that Plaintiff's summons and complaint were served on him on

October 18, 2013.   (Doc. 1-1 at 11, ¶ 4).   On November 12, 2013, he removed the case

to this Court based upon diversity jurisdiction.   (Doc. 1, ¶ 4).   Then, Defendant motioned

the Court to dismiss the action against him for lack of personal jurisdiction.   (Doc. 33).

While the motion was pending, Defendant's lawyer was granted leave to withdraw.   (Doc. 26).   No attorney has since appeared on behalf of Defendant.

On August 12, 2014, the Court found that it has jurisdiction over Defendant and this controversy.   (Doc. 33).   In its Order, the Court gave Defendant until September 2, 2104 to answer the complaint.   (Id.).   When Defendant failed to answer, Plaintiff filed a motion for the entry of default judgment.   (Doc. 34).   I denied that motion because under FED. R. CIV. P. 55, the obtaining of a default judgment is a two-step process.   First, default must be entered against the party, and second, after the default is entered, application for entry of a default judgment must be made to the court.   (Doc. 37).   On Plaintiff's motion, the clerk entered default against Defendant on October 6, 2014. (Docs. 38-39).   Then, Plaintiff filed his amended motion for the entry of default judgment against Defendant.   (Doc. 40).

Upon review of the motion, I concluded that Plaintiff had not submitted sufficient information for the calculation of a reasonable attorney's fee using the lodestar method. Therefore, I entered an Order giving Plaintiff until October 29, 2014 to submit additional evidence on the issue of fees.   (Doc. 41).   In response to my Order, Plaintiff filed the affidavit of attorney Houston Short, who has opined that $9,200 is a reasonable fee for the services provided by Plaintiff's lawyer.   (Doc. 42).

## II.  Discussion

### A.  Threshold Issues

No threshold issues prevent the Court from entering default judgment in this case. Defendant waived any challenges to the form or manner of service of process by filing a motion to dismiss for lack of personal jurisdiction without concurrently moving to dismiss for defective service or defective process.   (Doc. 7); see also FED. R. CIV. P. 12(g), (h).

The Court denied Defendant's motion and found that it has personal jurisdiction over him. (Doc. 33).   And, the provisions of the Servicemembers Civil Relief Act that would otherwise require Plaintiff to submit an affidavit stating that the defendant is not in military service do not apply because Defendant has appeared in this action.   See 50 U.S.C. appx. § 521(a).

B.  There is a Sufficient Basis for Entry of Default Judgment Against Defendant

The entry of a default by the clerk does not require the Court to enter a default judgment.   DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). Before judgment can be entered pursuant to FED. R. CIV. P. 55(b), there must be a sufficient basis in the pleadings to support the relief sought.   Id.   "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.   In short ... a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover."   Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

Section 68.065(3)(a) of the Florida Statutes allows a plaintiff who prevails in "any civil action brought for the purpose of collecting a payment instrument, the payment of which is refused by the drawee because of lack of funds, lack of credit, or lack of an account, or where the maker or drawer stops payment on the instrument with intent to defaud" to recover three times the amount owed on the instrument, plus the plaintiff's "court costs and reasonable attorney fees."   At least 30 days before bringing such a suit, the plaintiff must deliver a written demand "by certified or registered mail, evidenced by return receipt, or by first class mail, evidenced by an affidavit of service of mail, to the

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

maker or drawer of the payment instrument to the address on the instrument, to the address given by the drawer at the time the instrument was issued, or to the drawer's last known address." FLA. STAT. § 68.065(4).

Plaintiff has alleged that Defendant tendered a check to him in the amount of $30,000, but the check was dishonored, either because Defendant had insufficient funds or stopped payment.   (Doc. 2, ¶¶ 13, 14).   Plaintiff also alleges that Defendant intended to defraud Plaintiff "by tendering the check and by having the check dishonored for either insufficient funds or stopped payment." (Id., ¶ 14).   On September 4, 2013, Plaintiff sent Defendant, by certified mail, a written demand for payment of the check, in the form required by the statute.   (Id., ¶ 13, p. 5).   Despite the sending of the demand letter, Defendant continued to refuse to tender the amount due.   (Id., ¶ 12).   By virtue of his default, Defendant has admitted these allegations.   Plaintiff has also produced a copy of the return receipt for the statutory demand letter, thereby satisfying the evidentiary requirement of § 68.065(4).   (Doc. 2, p. 6).   Accordingly, I find that Plaintiff has pled sufficient facts to establish a claim under FLA. STAT. § 68.065(4).[2]

C.  Damages, Costs, and Attorney Fees

Plaintiff seeks three times the face value of the check, a total of $90,000 in damages.   (Doc. 40, ¶ 7; see also Doc. 2, ¶ 13, p. 7).   Plaintiff is entitled to this relief under FLA. STAT. § 68.065(3)(a).

Plaintiff also requests $607.30 in costs, comprising a $422.30 filing fee plus $185.00 for service of process.   (Doc. 40, ¶ 10; Doc. 36).   Plaintiff is entitled to recover these expenses under § 68.065(3)(a) and I recommend they be granted as well.

---

[2] Plaintiff does not seek a default judgment on Count II of his Complaint and I recommend the Court dismiss Count II without prejudice.

Finally, Plaintiff requests $9,106.50 in attorney fees.   (Doc. 40, ¶ 10; Doc. 35).

Section 68.065(3)(a) allows a prevailing plaintiff to recover "reasonable attorney fees."

The question of what constitutes a "reasonable" fee is governed by Florida law.   See

Trans Coastal Roofing Co. v. David Boland, Inc., 309 F.3d 758, 760 (11th Cir. 2002).

Florida courts use the lodestar method, which requires courts to multiply "the number of

hours reasonably expended" by "a reasonable hourly rate" to arrive at the appropriate fee.

Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145, 1151 (Fla. 1985).   The

Florida Supreme Court has directed courts to consider the following factors, which are

enumerated in Disciplinary Rule 2-106(b) of the Florida Bar Code of Professional

Responsibility, in determining reasonable attorney fees:

> (1) The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly.
>
> (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
>
> (3) The fee customarily charged in the locality for similar legal services.
>
> (4) The amount involved and the results obtained.
>
> (5) The time limitations imposed by the client or by the circumstances.
>
> (6) The nature and length of the professional relationship with the client.
>
> (7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
>
> (8) Whether the fee is fixed or contingent.

Id. at 1150.

As the Florida Supreme Court explained in <u>Rowe</u>, the lodestar analysis involves a

two-step process:

> The first step in the lodestar process requires the court to
> determine the number of hours reasonably expended on the
> litigation.   Florida courts have emphasized the importance of
> keeping accurate and current records of work done and time
> spent on a case, particularly when someone other than the
> client may pay the fee.   To accurately assess the labor
> involved, the attorney fee applicant should present records
> detailing the amount of work performed.   Counsel is
> expected, of course, to claim only those hours that he could
> properly bill to his client.   Inadequate documentation may
> result in a reduction in the number of hours claimed, as will a
> claim for hours that the court finds to be excessive or
> unnecessary.   The "novelty and difficulty of the question
> involved" should normally be reflected by the number of hours
> reasonably expended on the litigation.
>
> The second half of the equation, which encompasses many
> aspects of the representation, requires the court to determine
> a reasonable hourly rate for the services of the prevailing
> party's attorney.   In establishing this hourly rate, the court
> should assume the fee will be paid irrespective of the result,
> and take into account all of the Disciplinary Rule 2-106 factors
> except the "time and labor required," the "novelty and difficulty
> of the question involved," the "results obtained," and
> "[w]hether the fee is fixed or contingent."   The party who
> seeks the fees carries the burden of establishing the
> prevailing "market rate," i.e., the rate charged in that
> community by lawyers of reasonably comparable skill,
> experience and reputation, for similar services.
>
> The number of hours reasonably expended, determined in the
> first step, multiplied by a reasonable hourly rate, determined in
> the second step, produces the lodestar, which is an objective
> basis for the award of attorney fees.   Once the court arrives
> at the lodestar figure, it may add or subtract from the fee
> based upon a "contingency risk" factor and the "results
> obtained."

<u>Id.</u> at 1150-51.

As proof of his reasonable attorney's fees, Plaintiff submitted the affidavit of one of

his attorneys stating that she worked 22.5 hours on the case at an hourly rate of $325–

$340 for a total fee of $7,365.00, and that another attorney worked 9.7 hours on the case at an hourly rate of $175-$180 for a total fee of $1,741.50.   (Doc. 35).   No time ledgers or other descriptions of the professional services performed, the time increments associated with those services, the dates upon which the services were rendered, or the identity of the timekeepers were provided.   I explained that Plaintiff's cursory affidavit was insufficient to permit the Court to perform a lodestar analysis and gave Plaintiff an opportunity to submit additional evidence on the issue of fees.   (Doc. 37).

Plaintiff has submitted an affidavit by attorney Houston Short, who "examined the pleadings filed in this cause and bills of the attorneys of Plaintiff."   (Doc. 41, ¶ 3).   Based on his review, Mr. Short offers his opinion that "the hourly rates charged by said attorneys and the amount of time expended by said attorneys in the prosecution of this action are reasonable," and that "a reasonable attorney's fee to be allowed to Plaintiff in this cause for attorneys' services rendered in an action of this type is $9,200.00."   (Doc. 41, ¶¶ 5, 6). In reaching his conclusion, Mr. Short says that he "considered" the Rowe factors, but he does not explain how they affected his decision.   While Mr. Short's conclusory affidavit is somewhat helpful, the Court still does not have the information necessary to conduct a proper lodestar analysis.

In Rowe, 472 So. 2d at 1150, the Florida Supreme Court said: "Inadequate documentation may result in a reduction in the number of hours claimed."   See also Grapski v. City of Alachua, 134 So. 3d 987, 989 (Fla. App. 1st Dist. 2012) (per curiam) (affirming "minimal" attorney fee award where plaintiff provided inadequate documentation of hours worked); Glades, Inc. v. Glades Country Club Apartments Ass'n, Inc., 534 So. 2d 723, 724 (Fla. App. 2d Dist. 1988) (failure to provide written time records may warrant reduction in hours).   This is a straightforward bad check case that is ending

in a default judgment.   It did not present any novel or difficult legal questions.   Still,

counsel successfully opposed a motion to dismiss for lack of personal jurisdiction and

participated in mediation.   (Docs. 7, 13, 28, 33).

Plaintiff has also failed to provide the Court with information critical to the second

step of the lodestar analysis, the determination of a reasonable hourly rate.   One of the

most important factors in determining the reasonableness of an attorney's hourly rate is

the attorney's experience, reputation, and ability.   Plaintiff has not provided the Court any

information about the experience, reputation, or ability of his counsel.

Taking these considerations into account, I recommend an across-the-board

reduction of 25% in the amount of fees claimed and that the Court award Plaintiff

$6,829.87 in attorney's fees.

### III.  Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1.   Plaintiff's motion for default judgment (Doc. 40) be **GRANTED in part** and

**DENIED in part**.

2.   The Court enter judgment on Count I of Plaintiff's complaint in favor of Plaintiff

Zachary Barson and against Defendant Ryan W. Sharr for damages in the amount of

$90,000; costs in the amount of $607.30; and $6,829.87 in attorney's fees.

3.   The Court dismiss Count II of the complaint without prejudice.

Specific written objections to this report and recommendation may be filed in

accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after

service of this report and recommendation.   Failure to file timely objections shall bar the

party from a de novo determination by a district judge and from attacking factual findings

on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on November 4, 2014.

_____
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

      Presiding United States District Judge
      Counsel of Record
      Any Unrepresented Parties